IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROBERT KILLOUGH                                                                     PETITIONER

v.                                    NO. 2:10CV00063 HDY

T.C. OUTLAW, Warden,                                                                RESPONDENT
FCI Forrest City, Arkansas

## MEMORANDUM OPINION AND ORDER

PRIOR STATE AND FEDERAL COURT PROCEEDINGS. The events giving rise to the petition at bar are somewhat complicated. The record reflects that petitioner Robert Killough ("Killough"), a felon, was arrested on December 16, 2006, by Kansas authorities and found to be in possession of, inter alia, a firearm. He was not detained but was released later that same day.

On March 2, 2007, Killough was arrested by Kansas authorities for multiple criminal offenses. He was detained following his arrest.

On April 27, 2007, while Killough was still in state custody, federal authorities "borrowed" him from Kansas authorities pursuant to the terms of a writ of habeas corpus ad prosequendum. Federal authorities' purpose in "borrowing" him was to prosecute him on a charge of being a felon in possession of a firearm, a charge that sprang from his December 16, 2006, arrest. See United States v. Killough, 6:07CR10063.

On May 9, 2007, while Killough was still being "borrowed" by federal authorities, he was sentenced by Kansas authorities to a term of "time served" on the criminal charges that sprang from his March 2, 2007, arrest by Kansas authorities. At that point, he was released by Kansas authorities; he nevertheless remained in the physical custody of federal authorities until he was released on bond on May 18, 2007.

On September 17, 2007, United States District Judge Monti L. Belot sentenced Killough in 6:07CR10063 to a term of fifty-one months in the custody of the Federal Bureau of Prisons ("BOP"). Killough was not immediately taken into custody but ordered to surrender to a facility designated by the BOP, a facility later identified as FCI Forrest City, the warden of which is respondent T.C. Outlaw ("Outlaw"). Killough was ordered to surrender on November 20, 2007.

Sadly, Killough did not surrender to federal authorities at FCI Forrest City on November 20, 2007, as ordered. He did not remain free long, though, because he was arrested the following day by Kansas authorities for possession of methamphetamine and "no tax stamp." See State of Kansas v. Killough, 07CR624.[1]

---

[1] Who arrested Killough on November 21, 2007, is the subject of much disagreement. Killough maintains that he was arrested by federal authorities on that date and buttresses the assertion with the docket sheet in 6:07CR10063, see Document 19, Attachment C, Docket Entry 25, and an arrest warrant, see Document 19, Attachment D. Outlaw maintains, however, that Killough was arrested by Kansas authorities on that date and buttresses the assertion with a journal entry of judgment, see Document 14, Exhibit A, Attachment 7 to Declaration of Andrew Roush; a booking report, see Document 24, Exhibit A, Attachment 7 to Declaration of Andrew Roush; and a jail booking form, see Document 24, Exhibit A, Attachment 8 to Declaration of Andrew Roush. As will be explained, the Court finds that Killough was arrested by Kansas authorities on November 21, 2007, and a detainer placed on him by federal authorities.

On January 3, 2008, Killough was convicted in 07CR624.  On February 13, 2008, he was sentenced in 07CR624 to a term of twenty-eight months in the custody of the Kansas Department of Corrections.  The sentence was ordered to be served concurrent with the federal sentence he received in 6:07CR10063.

Killough was then incarcerated at a state institution to begin serving what both he and state authorities believed to be his state sentence in 07CR624 and his federal sentence in 6:07CR10063.  They were both mistaken.  At some point, it was determined that he was only serving his state sentence and not his federal sentence.  A Journal Entry Nunc Pro Tunc was then entered by the state trial court judge that contained the following terms:

> … the parties advised the Court that [Killough] has received a federal sentence of 51 months which has been ordered to be served consecutively to the sentence in this case [07CR624]; that it was this court's intent, as well as the agreement of the parties, in sentencing [Killough] that his sentence in this case run concurrently with his federal sentence and not consecutively; that for reasons beyond the control of the parties and the court, [Killough's] federal sentence will not begin to run until his sentence in this case has been served; and that both parties are requesting this court to correct its sentence herein to achieve its original intent to the extent this is now possible.
>
> THEREUPON, the court, being advised in the premises, ORDERS that [Killough's] sentence be corrected; that he is hereby sentenced to the time he has already served on this case and that he be released to his federal detainer in 07CR10063-01 forthwith; that his sentence herein shall be deemed satisfied upon said release and that this case be closed and terminated at the time of said release.

See Document 14, Exhibit A, Attachment 8 to Declaration of Andrew Roush.  Killough was discharged by state authorities on January 16, 2009, and turned over to federal authorities that same day.

KILLOUGH'S FEDERAL SENTENCE IN 6:07CR10063.  Killough began serving his federal sentence in 6:07CR10063.  The BOP computed his federal sentence to have commenced on January 16, 2009, the day he was discharged from the state sentence, and gave him nine days of "prior custody credit for time spent in pre-sentence custody after his 'time served' sentence from the March 2, 2007, arrest was completed on May 9, 2007, up to the day he was released on bond by the U.S. Marshals Service on May 18, 2007."  See Document 14, Exhibit A, Declaration of Andrew Roush at 3.

Killough filed an administrative grievance in an attempt to correct what he believed to be an erroneous calculation of his federal sentence.  His position throughout the administrative process is reflected in the following grievance:

> … I was convicted and sentence[d] by the U.S. District Court to serve a sentence of 51 months.  However, thereafter I was sentenced by the State of Kansas to a term of 28 months that were to Run Concurrently with my Federal Sentence.  It was the U.S. Government that first had jurisdiction over my person. I was withdrawn from the U.S. Government's Jurisdiction under a State WRIT.  Therefore, I am seeking that this BOP Staff … to order concurrence of the sentences where my Federal Sentence was imposed before the state sentence.  …

See Document 2 at 28.  The position of the BOP throughout the administrative process, and the final resolution of his grievance, is reflected in the following response:

> This is in response to your ... Appeal in which you request the Bureau of Prisons recompute your sentence, giving you prior custody credit toward your federal sentence for time you served on your state sentence.
>
> You provide no new information in this matter beyond that which you supplied at the Institution and Regional levels.  However, as a result of <u>Barden v. Keohane</u> ... , your case was reviewed for a "nunc pro tunc" designation.
>
> We have reviewed your appeal according to the factors provided in 18 U.S.C. 3621(b).  In your case, we have determined the relevant factors under the statute are (2), (3), (4), and (5).  With respect to factor (2), your instant federal offenses is Felon in Possession of a Firearm.
>
> With respect to factor (3), our records reveal that at the time of sentencing for your instant offense, you were in custody of the State of Kansas.  You were sentenced to time served for Narcotics Possession, Taxation, Drugs, and Evidence of Taxation.  In addition, your criminal history includes convictions for Possession of Alcohol, Possession of Marijuana, Aggravated Assault and Battery, and multiple convictions for Driving Under the Influence.
>
> Finally, considering factor (4), any statement by the Court which imposed the sentence; the federal [Judgment] and Commitment Order was silent regarding the relationship of the federal sentence to any impending state sentence.  Title 18 U.S.C. 3584, Multiple Terms of Imprisonment states, in part: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  However, the sentencing Court was contacted and requested to provide input regarding your request.  The Court recommended the sentences be served consecutively.
>
> Based on the foregoing, we have determined that a "nunc pro tunc" designation is not consistent with the goals of the criminal justice system due to the nature of your state conviction, repetitive criminal conduct, and the intent of the court.  Additionally, the credit you seek has already been credited toward your state sentence.  ...

<u>See</u> Document 2 at 38.

<u>KILLOUGH'S 2241 PETITION</u>.  When Killough failed to obtain the relief he requested, he commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  In his petition, he challenged the calculation of his federal sentence in 6:07CR10063, specifically alleging that he was being denied credit on his federal sentence for the time he spent in state custody.  He additionally alleged that the BOP erroneously refused to accept him into federal custody for service of his federal sentence and, alternatively, that the BOP should have designated the state institution where he was previously incarcerated as the place for service of his federal sentence.  He maintained that the doctrines of comity and dual sovereign demand that the dictates of the state trial court judge be honored.

Outlaw filed a response to Killough's petition and maintained that had Killough surrendered to federal authorities on November 20, 2007, for service of his federal sentence in 6:07CR10063, the computation of the sentence would be drastically different.  Outlaw maintained that Killough's federal sentence did not commence until January 16, 2009, or the day after he was discharged from the state sentence in 07CR624.  Because the time Killough spent in state custody from November 21, 2007, through January 15, 2009, had already been credited against his state sentence, Outlaw maintained that it could not be credited against Killough's federal sentence.  Outlaw also maintained that Killough was not entitled to a "nunc pro tunc designation to the state institution for service of his federal sentence."  <u>See</u> Document 14 at 9.

The Court began reviewing the record and eventually confessed some difficulty in accurately recounting the events giving rise to Killough's petition. The Court therefore ordered Outlaw to submit a revised statement of facts, giving particular attention to the assertions made by Killough in his reply and addendum.

Outlaw has now submitted a revised statement of facts.[2] On the basis of that submission and a review of the entire record, the Court finds that Killough is not entitled to the relief he seeks.

ANALYSIS. At the outset, the Court makes note of two matters. First, the BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

> Once a [prisoner] has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the [BOP's] decision and its statutory construction. ... The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purposes, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." ...

See Tankersley v. Fisher, 2007 WL 2021937 at 2 (N.D.Fla. 2007). Second, Outlaw acknowledges that Killough has exhausted his administrative remedies.

---

[2] Killough was invited to submit a <u>short</u> response to Outlaw's revised statement of facts, but Killough submitted nothing.

Against the foregoing backdrop, the Court turns to address Killough's petition. A proper consideration of the petition requires the Court to address the following three questions: (1) did the BOP properly determine the date on which Killough's federal sentence in 6:07CR10063 commenced; (2) is he entitled to any credit on his federal sentence for the time he spent in state custody; and (3) is he entitled to a <u>nunc pro tunc</u> designation of his state custody as the place of service of his federal sentence.

I.  When did Killough's federal sentence in 6:07CR10063 commence?  18 U.S.C. 3585(a) provides that a federal sentence commences on the date the defendant is "received in custody awaiting transportation to, or arrives voluntarily to commence service of [his] sentence at, the official detention facility at which the sentence is to be served."  The language of 18 U.S.C. 3585(a) is clear, and the Court will give effect to the unambiguously expressed intent of Congress.

Killough was ordered to report to the official detention facility on November 20, 2007.  Had he done so, the Court agrees with Outlaw that the computation of Killough's federal sentence in 6:07CR10063 would be drastically different.  Because he failed to report as ordered, the Court finds that he never arrived voluntarily to commence service of his federal sentence at the official detention facility.  His freedom was short-lived, though, as he was arrested the following day, or on November 21, 2007.  Initially, who arrested him was not clear, and the Court sought clarification of that question.  It is now clear that he was arrested by Kansas authorities on November 21, 2007.

It is true that the docket sheet in 6:07CR10063 and an arrest warrant suggest that Killough was arrested by federal authorities on November 21, 2007. The Court can therefore understand why he believes he was arrested by federal authorities on that day. The booking reports maintained by Kansas authorities reflect, however, that they took him into custody on November 21, 2007, on state charges and ordered, <u>inter alia</u>, that he be held for federal authorities. <u>See</u> Document 24, Attachment 7 to Declaration of Andrew Roush. The federal authorities thereafter served the arrest warrant on him, thereby placing a detainer on him–a fact noted by the state trial court judge in the Journal Entry Nunc Pro Tunc–and service of the arrest warrant was noted on the docket sheet in 6:07CR10063.[3]

Because Killough never arrived voluntarily to commence service of his federal sentence in 6:07CR10063, when did the sentence commence? The Court finds that date to be January 16, 2009, or the day he was discharged from the state sentence in 07CR624, and it is the date the BOP is using to calculate the commencement of his federal sentence. The Court finds that the BOP has followed Congress' expressed intent in determining the date on which Killough's federal sentence commenced.

---

[3] Killough maintains that after being arrested by Kansas authorities on November 21, 2007, he asked to no avail to be transferred to federal custody in order to begin serving his federal sentence in 6:07CR10063. He maintains that his federal sentence should therefore be deemed to have commenced on November 21, 2007, because he was "awaiting transportation" to federal custody. The Court is not persuaded by his argument because Kansas authorities were under no obligation to surrender custody of him until the charges in 07CR624 were resolved.

II. Is Killough entitled to any credit on his federal sentence in 6:07CR10063 for the time he spent in state custody? 18 U.S.C. 3585(b) provides that a defendant shall be given credit on his federal sentence for any time he spent in official detention prior to the date the sentence commences but only under the following circumstances: "as a result of the offense for which the sentence was imposed, or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence." The language of 18 U.S.C. 3585(b) is clear, and the Court will give effect to the unambiguously expressed intent of Congress. For the following reasons, the Court finds that the BOP has followed Congress' expressed intent in declining to award Killough credit for the period of time he spent in state custody prior to January 16, 2009, save a nine day period from May 10, 2007, to May 18, 2007.

First, the Court notes that Killough was never in official federal detention prior to January 16, 2009. It is true that he was held by federal authorities from April 27, 2007, until May 18, 2007, but he was merely "on loan" from Kansas authorities for the period from April 27, 2007, until May 10, 2007, pursuant to the terms of a writ of habeas corpus ad prosequendum. See United States v. Cole, 416 F.3d 894 (8th Cir. 2005). Because he was merely "on loan," he remained in the custody of Kansas authorities until May 10, 2007. From that date until May 18, 2007, he was in federal custody, and the BOP credited his federal sentence in 6:07CR10063 for that nine day period.

Second, although Killough was in official state detention beginning on November 21, 2007, the period of time from November 21, 2007, through February 13, 2008, has been credited against another sentence, namely, his state sentence in 07CR624. What about the period of time from February 13, 2008, the date on which his state sentence in 07-CR-624 commenced, until January 16, 2009, the date on which he was released from state custody? Clearly, that time has also been credited against his state sentence in 07CR624. Thus, he is not entitled to credit for the period of time from November 21, 2007, until January 16, 2009, on his federal sentence in 6:07CR10063.

III.  Is Killough entitled to a nunc pro tunc designation of his state custody as the place of service of his federal sentence? Clearly, the BOP possesses the discretion to grant such a designation. See Fegans v. United States, 506 F.3d 1101 (8th Cir. 2007); Dunn v. Sanders, 247 Fed.Appx. 853, 854, 2007 WL 2727287 at 1 (8th Cir. 2007).[4] "Thus, when a federal defendant is already serving a state sentence, [the] BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" See Fegans v. United States, 506 F.3d at 1103 [quoting Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000).

---

[4]

In Dunn, the Court of Appeals opined that "[w]hen deciding whether to grant nunc pro tunc designation, it is appropriate for the BOP to consider–along with other factors–the sentencing court's intent. See 18 U.S.C. 3621(b) (listing factors BOP should consider in determining place of imprisonment; BOP Program Statement 5160.05 ..." See Id. at 1.

The BOP recognized its ability to grant a <u>nunc</u> <u>pro</u> <u>tunc</u> designation to Killough, considered the relevant factors, but refused to grant the designation to him. There is nothing unreasonable about the factors considered by the BOP or the determination it eventually made in refusing to grant him the designation. The Court will not second-guess the BOP's refusal to grant him such a designation, particularly since the BOP's determination follows the recommendation of Judge Belot.

<u>CONCLUSION</u>. For the foregoing reasons, the Court finds that Killough is not entitled to the relief he seeks. He is understandably upset that the state sentence in 07CR624 was not administered in the manner in which he was initially led to believe, but the federal courts can offer no recourse. The order of the state trial court judge was simply not binding as to whether Killough's federal sentence is served consecutively or concurrently. <u>See</u> <u>Hendrix v. Norris</u>, 81 F.3d 805 (8th Cir. 1996) (discretion of federal sentencing court cannot be limited by state court's judgment). Accordingly, Killough's petition is dismissed, all requested relief is denied, and judgment will be entered for Outlaw.

IT IS SO ORDERED this __5__ day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE